## GULF & S. I. R. Co. *v.* HORN.*

(Division A.   June 9, 1924.)

[100 So. 381.   No. 24051.]

CONTRACTS.   *Where performance of contract made impossible by event subsequent to execution, promisor discharged.*

Where the subject-matter of a contract has been destroyed by an event occurring after the making of the contract rendering its performance impossible, which event could not reasonably be supposed to have been within the contemplation of the parties at the time of the contract, the promisor is discharged from the performance of the contract or the obligation to answer in damages for its nonperformance.

*Headnote 1.   Contracts, 13 C. J., sections 718, 713, 712.

APPEAL from circuit court of Smith county.

HON. W. L. CRANFORD, Judge.

Action by L. G. Horn against the Gulf & Ship Island Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed and judgment rendered.

*T. J. Wills,* for appellant.

If there was a contract entered into, it became impossible of performance prior to the date it became effective.   Horn stated that his employment was that of assistant claim agent to Major G. R. Kemp.   Kemp was past seventy years of age and in the natural course of events could not continue much longer in active service.   Horn was inexperienced in the work of assistant claim agent and of the claim agent's duties for a railroad company.   He stated that he would not accept the position of assistant claim agent to Major Kemp except on the condition that he was to train to take Kemp's place when he should retire.   Horn was not to have the position as assistant claim agent without regard to who was claim agent.   The position that he was willing to ac-

cept was assistant claim agent to Major Kemp, with the agreement that he was to be promoted upon Kemp's retirement. His work as assistant to Kemp was to begin January 1, 1921. Kemp retired in August, 1920. On January 1, 1921, it was impossible for Horn to be assistant claim agent to G. R. Kemp.

If a contract had been entered into, it was impossible of performance at the time it was to become effective. This impossibility of performance discharged the contract. *Sup. Lodge of Knights of Pythias* v. *Stein,* 75 Miss. 107, 21 So. 559; *People* v. *Eilersficken,* 156 Pac. 458; *Perlee* v. *Jeffcoat,* 97 Atl. 789; *Jones-Gray Const. Co.* v. *Stephens,* 181 S. W. 659; *Western Hardware & Mfg. Co.* v. *Bancroft-Charnley Steel Co.,* 116 Fed. 176; *Martin Emerick Outfitting Co.* v. *Siegel, Cooper & Co.,* 86 N. W. 1104, 20 L. R. A. (N. S.) 1114; *Bruce* v. *Indianapolis Gas Co.,* 92 N. E. 189; *Johnson* v. *Lyon,* 42 N. W. 993; *Vogt* v. *Hecker et ux.,* 95 N. W. 90.

*Hughes, Nobles & Lane,* for appellee.

It is argued by appellant that if there were a contract it became impossible of performance before January 1, 1921, because Major Kemp was retired prior to that date, and therefore appellant could not be an assistant to him. This position is absolutely untenable.

If this were true then a contract could be breached and avoided with impunity by one of the parties to it solely and alone by disposing of a business, selling a farm, going out of business, and many other ways that could be mentioned. Appellant cannot be heard to say that the contract could be breached without damage to appellee at appellant's option.

ANDERSON, J., delivered the opinion of the court.

Appellee, L. G. Horn, sued appellant, Gulf & Ship Island Railroad Company, in the circuit court of Smith

county, for damages claimed by him as the result of
an alleged breach of contract of employment of appellee
by appellant as assistant claim agent on appellant's line
of railroad, and recovered a judgment of two thousand
three hundred dollars from which appellant prosecutes
this appeal.

One ground urged for reversal by appellant is that the
trial court erred in refusing its request for a directed
verdict in its favor.

In considering this question all that appellee's evi-
dence either proves, or tends to prove, material to his
case, must be taken as true. There is no conflict of evi-
dence whatever as to the controlling facts except as to
one point. They are as follows: B. E. Eaton, at the time
of the occurrence of the facts of this case, was general
counsel for appellant, and T. J. Wills was general at-
torney. G. R. Kemp was claim agent for appellant. The
latter had been in the service of appellant for many
years; was over seventy years of age and, in the ordi-
nary course of events, would necessarily retire in a few
years from active service. The evidence shows that he
had become somewhat inactive and his services were not
as satisfactory as they had been. Appellant's general
counsel Eaton, conceiving it to be good policy, under the
circumstances, to employ an assistant claim agent to be
in training with a view of taking Kemp's place on his
retirement, discussed the matter with appellant's general
attorney Wills, who for some years had been acquainted
with appellee. As a result of that conversation, Wills
approached appellee with a view of his employment in
that capacity. Wills in unmistakable language made the
situation plain. Appellee was entirely inexperienced in
the duties of the place. He so stated to Wills and later
to Eaton. Wills told appellee that appellant had de-
termed to employ an assistant claim agent with a view of
his training under Kemp so that he could take the lat-
ter's place when made vacant by retirement. Appellee
was informed by Wills of Kemp's long service as claim

agent for appellant, and the high regard in which he was held by appellant, and that an assistant would not be employed; in fact, nothing would be done by appellant without the consent and co-operation of Kemp. Later appellee visited appellant's general counsel Eaton, at the general offices of appellant at Gulfport, and talked the matter over with him. Eaton testified, and it was admitted by appellee in his evidence, that the moving cause for appellant's employment of an assistant claim agent was Kemp's advanced age and his probable early retirement as a result thereof. And Eaton stated to appellee, as Wills had, and this was admitted by appellee, that no one would be employed as assistant claim agent without the consent and co-operation of Kemp; that the latter had not been approached on the subject, but would be; and that appellee's employment depended on the result.

Appellee testified, and for the purposes of the question under consideration his evidence must be taken as true, that in July, 1920, appellant employed him as assistant claim agent under Kemp, for an indefinite period at a salary of one hundred seventy-five dollars per month; his term of employment to begin January 1, 1921. Appellant's evidence on this point was squarely in conflict with that of appellee. That, however, only made it a question for the jury, provided under the law there was an issue of fact to be submitted to the jury.

In August, 1920, Kemp resigned as appellant's claim agent and retired on a pension to be paid by appellant. Eaton testified, and it was the only evidence on the subject, that the conferences and negotiations between appellant and Kemp with reference to the employment of an assistant claim agent led to Kemp's retirement on a pension.

Appellant argues that its request for a directed verdict should have been granted on the ground, among others, that on account of Kemp's retirement as claim agent after appellee's employment, it had become impossible

for appellant to perform its contract with appellee. As a general rule, where the performance of a contract becomes impossible on account of the occurrence of some event after the contract, still the promisor is not thereby discharged from the performance of the contract. But there is a well-established exception to that general rule, which is that where the subject-matter of the contract has been destroyed or the event creating the impossibility is one which could not reasonably be supposed to have been within the contemplation of the parties at the time of the contract, the promisor is discharged from the performance of the contract or the obligation to answer in damages, although the words of the contract are broad enough to include the contingency which has arisen. 13 C. J., pp. 639, 640, and 643, sections 712, 713, and 718. In *Piaggio* v. *Somerville,* 119 Miss. 6, 80 So. 342, the principle involved is stated thus:

"There are, however, certain classes of events the occurring of which are said to excuse from performance because 'they are not within the contract,' for the reason that it cannot reasonably be supposed that either party would have so intended had they contemplated their occurrence when the contract was entered into, so that the promisor cannot be said to have accepted specifically nor promised unconditionally in respect to them."

There is nothing in the evidence indicating in the remotest degree that Kemp's retirement from service with appellant was brought about by the latter with a view of defeating the rights of appellee under his alleged contract of employment. On the contrary, the evidence shows without conflict that appellant made an effort to arrange for the employment of an assistant claim agent with the consent and co-operation of Kemp, but failed, and as a result of such failure Kemp was retired on the pay roll of appellant as a pensioner. We have a case, therefore, where, taking appellee's evidence as true, the latter was employed for an indefinite time as assistant claim agent under Kemp with a view of training to take the latter's

place on his retirement. Appellee was without experience and therefore unfit for the position as claim agent. Before appellee's term of service was to begin, Kemp, without any fault on the part of appellant, was no longer claim agent for appellant. Appellant then did the only thing it should have done—employed an experienced claim agent to take charge of that branch of its service. And the evidence shows without conflict that with a competent, active claim agent in charge of its business, appellant needed no assistant claim agent. It was only on account of Kemp's age and increasing inactivity, which brought about the negotiations with appellant with a view of his employment as Kemp's assistant. Putting the case differently, the evidence, taking appellee's testimony to be true, shows that appellee was employed by appellant to perform the duties of a position, which position without any fault on the part of appellant, subsequent to such employment, ceased to exist. If Kemp had died after the making of the alleged contract with appellee, could there be any question that appellant would have been discharged from the performance of the contract? The distinct terms of the contract were that appellee was to be Kemp's assistant. Clearly appellee could not be Kemp's assistant if Kemp was dead. As it appears, the case stands exactly as it would have stood if Kemp had died after the said alleged employment. After the employment and before appellee's term of service was due to begin, Kemp resigned his position, as he had a right to do, and went on appellant's pension roll. For the purposes of said contract, it seems that Kemp was as effectually dead as if he had died a natural death. Appellant is without fault in the matter as well as appellee. When appellee was employed he took the chances on Kemp's place becoming vacant by either death or voluntary retirement before appellee's term of service should begin. Appellee was employed, not as assistant claim agent by appellant, but he was employed as assistant claim agent for training under Kemp. This latter con-

dition was made impossible by no fault of appellant, but solely through the voluntary act of Kemp. The subject-matter of the contract was gone; it had been destroyed, and that without any fault of either party. This case comes squarely within the language used by the Chief Justice of this court in the case of *Piaggio* v. *Somerville, supra.*

There appears to be merit in other contentions by appellant, but the view we have taken renders it unnecessary to pass on them.

*Reversed, and judgment here for appellant.*