192 So.2d 298 (1966)
Seymour BERKOWITZ, Appellant,
v.
Bernard FIRESTONE, Appellee.
No. 66-88.
District Court of Appeal of Florida. Third District.
November 29, 1966.
Paul & Landy, Reiseman, Selkowitz, Corrigan, Fromberg & Fromberg, Miami, for appellant.
Irving Cypen and Arnold Nevins, Miami Beach, for appellee.
Before PEARSON, CARROLL and BARKDULL, JJ.
PER CURIAM.
This appeal involves the correctness of a chancellor's final decree voiding certain provisions of a stockholder's agreement. We affirm.
We find no error in the chancellor's decree here under review for several reasons. It is apparent that the original intent and purpose of the agreement has expired, even if same was valid in the first instance. See: Gulf & S.I.R. Co. v. Horn, 135 Miss. 804, 100 So. 381, 34 A.L.R. 814; 17 Am.Jur.2d, Contracts, § 412; 17A C.J.S. Contracts § 464; Williston on Contracts, Revised Edition, Vol. 6, § 1952. This is particularly true when the agreement failed to provide any time limit on its validity, whether it was applicable to successive stockholders, and where there was no provision for the issued capital stock to be subject to the terms of the agreement, and when it is apparent that at least one-half of the stockholders who signed said agreement have now disposed of their capital stock interest.
While statutes authorize greater than majority quorum in stockholders' and directors' meetings [see: §§ 608.10(4), 608.09(1), Fla. Stat., F.S.A.] there is no authority permitting higher than pluralities in stockholders' meetings or higher than majority action in directors' meetings. *299 See: Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473; §§ 608.08(1), 608.09(1), Fla. Stat.,[1] F.S.A.
We find no merit in the appellant's remaining points. Laches is not applicable. See: Wiggins v. Lykes Bros., Inc., Fla. 1957, 97 So.2d 273; Wagner v. Moseley, Fla.App. 1958, 104 So.2d 86; Reed v. Fain, Fla. 1962, 145 So.2d 858. The chancellor's holding that any officer or employee could be discharged "for cause" is in accordance with the general authorities. See: 21 Fla. Jur., Master and Servant, § 5; 35 Am.Jur., Master and Servant, §§ 19, 40.
Therefore, the final decree here under review is hereby affirmed.
Affirmed.
NOTES
[1] While § 608.0105, Fla. Stat., F.S.A., permits agreements such as the one in the case sub judice, this section of the Close-Corporation Act is not applicable because the instant corporation was in existence on September 1, 1963, and a majority of the stockholders did not elect to bring the corporation within the provisions of the act by written consent pursuant to § 608.0100(1), Fla. Stat., F.S.A.