JAMES R. CRAWFORD, APPELLANT, VS. WILLIAM M. BRAD-
FORD, APPELLEE.

1. The insolvency of an officer to whom an alleged illegal fee or tax has been paid, does not, of itself, or in connection with the fact that the statute creating the office may be unconstitutional, give a court of equity jurisdiction for the recovery of such payment.

2. The fact that such statute may be unconstitutional does not authorize a resort to a court of equity to asecrtain the illegality of the office.

3. A party seeking an injunction must show not only clear legal or equitable rights, but a well grounded apprehension of immediate injury to such rights. Where no necessity is shown for the injunction as a means of protection to such rights it should not be granted.

4. Equity has no jurisdiction to enjoin the collection of a personal tax or fee by an officer where the bill shows no ground for apprehending that he will attempt to enforce a collection against the complainant's will.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*W. W. Hampton* and *R. W. Davis* for Appellant.

*J. J. & S. Y. Finley* and *J. T. Bernard* and *R. B. Hilton* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Appellant filed a bill in chancery against appellee, alleging that the latter had, under the provisions of "An Act regulating the sale of beef under circumstances therein provided for," approved February 16, 1885, been appointed by the County Commissioners of Alachua county clerk for the precinct of Gainesville, and that Bradford, as such clerk, collects from and requires appellant to pay him twenty-five

cents for each and every hide inspected by him as such clerk, and has collected from appellant in the aggregate one hundred and one dollars, and he continues to collect and extort from appellant twenty-five cents for each hide so inspected; that the statute is unconstitutional and void, because it imposes an unauthorized and illegal burden and tax, and because it is unreasonable and against the principles of common justice; and, further, because it creates an office with an unlimited term, and for a term of more than four years; and that Bradford is insolvent and would not have property out of which a judgment could be collected, should appellant be driven to a remedy at law, and that therefore appellant would be irretrievably damaged, unless the prayer of the bill be granted. The prayer of the bill is for a decree for all sums illegally and wrongfully extorted and collected from him under the said illegal statute; for an injunction against appellee's collecting such tax of twenty-five cents, or from attempting to force or collect the same from appellant, and for subpœna.

The grounds of the demurrer interposed to the bill are—first, that the complainant has an adequate remedy at law; and, 2d, the bill shows that such moneys as have been collected were voluntarily paid by complainant, and defendant is lawfully entitled to retain them.

The Chancellor sustained the demurrer.

The provisions of the statute mentioned in the bill are as follows: It provides that in every market or place where fresh beef, killed in the county, is offered for sale, it shall be the duty of the butcher or vendor offering the same for sale to bring to such market or place the ears and hide of each beef for inspection. It provides also for the appointment by the County Commissioners of a clerk, who is to inspect the ears and hides, and keep a true record of all marks and brands and colors of such ears and hides, which

records he is to place in the office of the Clerk of the Circuit Court for inspection ; and " that such clerk shall collect from each butcher or vendor the sum of twenty-five cents for each and every hide inspected." In precincts where there exists no market or regular place where beef is offered for sale, the statute requires the butcher or vendor to keep the ears and hide open for public inspection while the beef is offered for sale. Any failure on part of any butcher or vendor " to comply with the requirements of this law " is made punishable by a fine of not less than $25, nor more than $50 ; or by imprisonment in the county jail not less than thirty, nor more than sixty days, or both, at the discretion of the court. Chapter 3613, Acts of 1885, pp. 57, 58.

The payments which have been made by the complainant, or appellant, to the appellee, do not entitle him to resort to equity for their recovery. If the circumstances of the paying have been such that the complainant is entitled to recover them, he has ample remedy at law. Burroughs on Taxation, 267, 268 ; Cooley on Taxation, 565, et seq ; Railroad Co. vs. Commissioners, 98 U. S., 541. The mere fact that the appellee may be or is insolvent does not create an equitable jurisdiction for such recovery. If we regard the moneys which have passed from the complainant to the defendant as having been extorted, or as collections enforced, instead of voluntary payments, what we have said is still applicable.

The mere fact that the statute under which the clerk is appointed is alleged to be unconstitutional is of itself no ground for resorting to a court of equity as to the illegality of his office. An information in the nature of a quo warranto is the proper remedy in such a case. 2 High on Injunctions, §1312; State ex rel. vs. Jones, 16 Fla., 306; Tappan vs. Gray, 7 Hill, 259.

In so far as the future is concerned we see nothing in the bill upon which the complainant can properly invoke the aid of a court of equity. No cloud upon title to any real property levied upon is alleged, even if a levy upon property of any kind could be anticipated under this statute; no suit for the authorized fee, to say nothing of a multiplicity of suits, is charged as existing or anticipated. No act upon the part of the defendant, done or attempted by him, or anticipated or apprehended by the complainant, which, if unrestrained, would result in a collection by the defendant from the complainant of any money against the will of the latter, is set up. To say nothing of former collections, there is nothing to show that anything is apprehended by the plaintiff as intended by the defendant as to the future, which the refusal of the plaintiff to pay is not adequate to prevent or overcome as a means of enforcing payment. We fail to see the ground for invoking the aid of any court as against the defendant as to the future, even if one is stated for proceeding at law as to the past. If the appellee would even attempt to enforce by action at law or otherwise against the will or refusal of the appellant the collection of the fee allowed by the statute, the bill does not so inform us. When a party seeks the aid of a court of equity by injunction, he must not only show clear legal or equitable right, but also a well grounded apprehension of immediate injury to his rights. 1 High on Injunctions, §7; Warden vs. Supervisors, 14 Wis., 618.

Where taxes are a personal charge or against personal property, the remedy at law is presumptively adequate, and the mere illegality of the tax is not ground for equitable jurisdiction. Cooley on Taxation, 538; 1 High on Injunctions, 496; Baldwin vs. Tucker, 16 Fla., 268; Morrison vs. McCullom, 14 Fla., 414. It is only where the remedy at law is inadequate that equity will interfere in such a case.

The same rule should, we think, obtain where, as in this case, the relief is asked as to an alleged unlawful fee allowed by statute to an officer, and no ground is shown for aid or protection to any property rights of the complainant.

The decree of the Chancellor sustaining the demurrer and dismissing the bill is affirmed.