Florida Citrus Exchange, a Corporation, *Plaintiff in Error*, v. J. K. Grisham, *Defendant in Error*.

Opinion Filed Jan. 28, 1913.

1. Under the Constitution of Florida the wife at her pleasure may terminate the control over her separate property conferred by statute upon the husband.

2. A husband is not liable upon a contract to sell citrus fruit controlled by him, if the fruit is grown upon the separate property of his wife, who asserts her control thereover.

3. The statute conferring upon the husband the care and management of the wife's separate property is of force only while such arrangement is mutually agreeable.

Writ of error to the Circuit Court for Hillsborough County.

Judgment affirmed.

*Wm. Hunter* and *C. B. Parkhill*, for Plaintiff in Error;

*James F. Glen* and *C. C. Whitaker*, for Defendant in Error.

COCKEREL, J.—This is an action for alleged breach of contract to sell through th Citrus Exchange for a period of five years, all the citrus fruit that might be grown, owned or controlled by J. K. Grisham. A plea was filed admitting the execution of the contract, but averring that Grisham owned no citrus fruit, but that his wife owned a grove, and that he entered into the contract intending to procure his wife to ship the fruit grown thereon through the said Exchange, but the venture proving unprofitable, she was unwilling, and declined and refused to permit any more to be so sold. A demurrer to this plea was overruled and final judgment rendered for the defendant.

It is of course not claimed that the husband owned the fruit grown upon the wife's land, but the question presented is, does the husband "control" the marketing of that fruit, within the meaning of the contract, so as to be liable for his failure to ship it through the Exchange. We must read the contract as covering only such fruit as might from time to time during the five year period be controlled by Grisham, and not to cover the oranges from a grove owned or controlled by him at the date of the contract after it had been sold by him or over which he had lost control.

If, for example, he had to the full knowledge of the Exchange, a control over a grove under a contract terminable at the will of the owner, he would not be held in damages for future crops, if the owner should exercise the option and place another in control.

The question recurs then, is the contract by the husband over the wife's property absolute, or may it be terminated by the wife?

Under the Act of March 6, 1845, brought forward in the General Statutes as Section 2589, "The property of the wife shall remain in care and management of the husband, but he shall not charge for his care and management, nor shall the wife be entitled to sue her husband for the rent, hire, issues, proceeds or profits of her said property" the contention of the plaintiff in error might be sound were it not for the provision of the Constitution of 1885, Art. XI, Section 1, declaring that "all property, real and personal, of a wife, owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent, given by some instrument in writing, executed according to the law respecting conveyances by married women."

The, Constitution has thus vested her with the *"property"* in her separate estate instead of the mere *title* thereto, which only she enjoyed prior to the Constitution of 1868, of which our present Constitution is an amendment. May the legislature against against the will of the wife say to her that the husband shall have absolute dominion over her "property"? To so hold, it seems to us, would cut down the larger word property to the narrow word title, and say to the makers of the Constitution, you were ignorant of the meanings of the two words; the

change you made was a thoughtless one, and we shall again enthrall the wife, however skillful and competent she may be in matters financial, under the yoke of the husband, however incompetent in such matters, or controlled by his appetite for strong drink, or gambling or other dissipations.

The limit the legislature can go in this direction is to make the husband the agent of the wife as to her separate property, confirmed in her by the organic law, only so long as it may be mutually agreeable, the husband serving without compensation; but the legislature may not interfere with her dominion over that property, created and fixed in her by the higher law, to the extent of placing it irrevocably in the control of her husband.

The contract was made, with reference to this law, and must be construed as applying only to the sale through the agency of the citrus fruit controlled by the other party thereto at the time of the shipment. The wife having asserted her control, that of the husband ceased, and the contract no longer applied.

It is, however, asserted that the question is no longer open in this State. Assuming that the court may estop itself from obeying the mandate of the Constitution, we shall proceed to examine our previous holdings. In Marye v. Root, 27 Fla. 453, 8 South. Rep. 636, the precise point decided was that the income from the wife's property would not be subjected or sequestrated for the husband's debts, under the Constitution of 1868. Following up this decision we held in Shomaker v. Waters, 59 Fla. 414, 52 South. Rep. 586, that the husband alone could not mortgage the crops grown upon her separate property. In Fritz v. Fernandez, 45 Fla. 318, 34 South. Rep. 315, and Graham v. Tucker, 56 Fla. 307, 47 South. Rep. 563, we recognized some life in the statute to the extent

only of holding that the wife, consenting actively or silently, the husband might be her responsible agent in. the management and control of her property. There may be expressions in some of these opinions, looking to a larger scope to the statute, but such expressions are not necessary to the decisions and are not binding.

It would be too severe a load upon an absolute separate property in an estate, to compel the owner to go into the courts in order to be relieved of a statutory burden placed thereon, but we do not see that it is necessary beyond the power of the legislature in recognition of the traditional headship of the family, to declare that the husband shall remain in the care and management of the wife's separate estate, without compensation, so long as that arrangement is agreeable to both parties.

It follows, therefore, that the ruling upon the plea was correct and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.