C. B. Witt Company, et al., Appellants, v. Mrs. S. A. Moody, et al., Appellees.

Opinion Filed Dec. 12, 1916.

Under the provisions of the Constitution that "a homestead to the extent" named "owned by the head of a family residing in this State * * * shall be exempt from forced sale under process of any court," a husband who is the head of a family residing in this State, is not entitled to a homestead exemption in the separate property of his wife where the husband has no title or interest legal or equitable in such property, but merely lives with his wife upon her separate property and has the care and management of the property of his wife.

Appeal from Circuit Court, Polk County; F. A. Whitney, Judge.

Decree reversed.

*Altman & Morrow* and *R. B. Huffaker,* for Appellants;

*Rogers & Spencer,* for Appellees.

WHITFIELD, J.—Appellants brought suit in equity alleging in effect that S. A. Moody, a married woman, not a free dealer under the laws of Florida, conducted a mercantile business in Lakeland, Polk County, Florida, under the name of Mrs. S. A. Moody, trading as S. A. Moody & Company; that complainants in the ordinary course of business sold to the said Mrs. S. A. Moody various items of merchandise; that Mrs. S. A. Moody, trading as aforesaid, accepted said merchandise and sold the same out in the ordinary course of trade; that said defendant accepted said merchandise without objection and promised to pay for the same; that stated amounts are now due thereon; that said Mrs. S. A. Moody has sold her mercantile business without making any provision for the payments due complainants and other creditors; that said mercantile business was the separate statutory property of the said Mrs. S. A. Moody, trading as aforesaid; that said Mrs. S. A. Moody is the owner of Lots 8 and 9 of Block 4 of Dixieland Addition to Lakeland; that the same is her separate property, and is all the property real or personal owned by her. The prayer is for an accounting and that the described real estate be subjected to the payments due the complainants. A demurrer to the bill of complaint was overruled. An answer filed by the defendants admits that the real estate is the separate property of the defendant Mrs. S. A. Moody, but avers that there is a dwelling house standing on the said lots, part of the said house being on Lot 8 and part on Lot 9, and that the defendants, being man and wife, live and reside in the said building and make it their home; that the same is their homestead; that they own no other real estate; that as to this property the defendant

D. H. Moody, husband of the said Mrs. S. A. Moody, is the head of their family and has the management of his said wife's estate and therefore claims the benefit of the laws of the State of Florida in respect to homesteads and exemptions.

Defendants also filed a cross-bill alleging substantially the same matters stated in the answer. It is specifically alleged in the cross-bill that the said D. H. Moody as the husband of the said S. A. Moody has the management and control of her said property, and attends to all business transactions for his said wife and provides for and is the head of their family. The prayer of the cross-bill is that either the husband or the wife be decreed to be entitled to a homestead exemption in the real estate, that the relief prayed by the original complainants be denied, and for general relief.

An answer containing a demurrer was filed by the original complainants to the cross-bill, the answer denying that the cross-complainants are entitled to the relief prayed for by them. Replications were filed and testimony taken by a special master. On final hearing the Chancellor found "that D. H. Moody is the head of a family residing in this State and owns an equitable interest in the property described in the bill of complaint, by reason of which he is entitled to claim the benefit of the homestead and exemption laws," and decreed that the real estate is "declared to be the homestead of the said D. H. Moody, and that the same is not liable for the claim of the complainants against the said S. A. Moody or the said D. H. Moody." The original complainants and defendants in the cross-bill appealed.

It clearly appears from the testimony that the real estate in controversy is the separate property of the wife and that "she got it from her father." It also appears

that the husband is the head of the family, that he manages and controls the wife's property, that he provides at least some support for the family and that the wife has nothing to support the husband with. There is nothing to indicate that the husband has any equitable or legal title to the lots.

The question to be determined is whether the husband is entitled to a homestead exemption in the separate property of the wife where the husband has no title or interest legal or equitable in such property, but merely lives with his wife upon her separate real property and has the care and management of the property of the wife.

The Constitution of the State contains the following provisions:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article." Sec. 1, Art. X. See Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155.

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women.

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent." Secs. 1 & 2, Art. XI. See Halle v. Einstein, 34 Fla. 589, 16 South. Rep. 554.

The laws of this State contain no provision that homestead exemptions may be claimed by a married man in either the property owned by him or with his wife's consent in property owned by her. See Bremseth v. Olson, 16 N. D. 242, 112 N. W. Rep. 1056, 13 L. R. A. (N. S.) 170. The specific mandatory organic provision complete in itself is that stated property "owned by the head of a family residing in this State, * * * shall be exempt from forced sale under process of any court." Under this definite and controlling provision no homestead exemption can exist except in property "*owned* by the head of a family."

Section 2589 General Statutes of 1906, enacts that: "The property of the wife shall remain in care and management of the husband but he shall not charge for his

care and management, nor shall the wife be entitled to sue her husband for the rent, hire, issues, proceeds or profit of her said property." Sec. 2589 Compiled Laws 1914.

This statutory provision gives to the husband no present title or interest legal or equitable in the wife's separate property. It merely provides an agency that, in view of the organic provision as to the wife's separate property, may be terminated by the wife. See Florida Citrus Exch. v. Grissam, 65 Fla. 46, 61 South. Rep 123.

The only evidence of right of the husband in the property is that the husband manages the wife's property and lived on the described lot with his wife who owns the lots as her separate property. This does not justify a finding that the husband "owns an equitable interest in the property." As the husband in this case is admittedly the head of the family and has no element of ownership, legal or equitable, in his wife's separate property on which they lived and have their home, he, as the head of the family residing in this State, is not entitled to homestead exemptions in such separate property of his wife.

The decree is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.