R. G. MINICK v. MINICK DRUG COMPANY, INC., BIRD M. ROBINSON, FRANK P. ROBINSON, and F. J. REDMAN.

163 So. 228.

Decision Filed August 2, 1935.

Petition for Rehearing Denied September 9, 1935.

*George P. Garrett,* for Appellant;

*Dickinson & Dickinson* and *Murray W. Overstreet,* for Appellees.

PER CURIAM.—This case having been submitted upon the transcript of record and briefs and arguments of counsel, all of which has been duly considered, the court is of the

opinion that the decree appealed from should be and the same is hereby

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD, and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—We construe the language of the final decree to mean that the chancellor found that there was no fraud in the procuring of the contracts, copies of which are attached to the amended bill as Exhibits 1, 2 and 3 respectively and made a part thereof, as shown by the transcript. The chancellor expressly declined to make any finding as to whether or not there had been any breach of the contract by Bird M. Robinson which might entitle appellant, who was plaintiff in the court below, to recover damages against Robinson, and declined to enter a money judgment in favor of appellant. The rule is well settled in this jurisdiction that in order to authorize a court of equity to retain jurisdiction and grant a purely legal remedy, such as a judgment for monetary damages for breach of contract, some substantial ground of equitable jurisdiction must be both alleged and proven. Gentry-Futch Co. v. Gentry, 106 So. 473, 90 Fla. 595; Levitt v. Axelson, 135 So. Gentry, 106 So. 473, 90 Fla. 595; Levitt v. Axelson, 135 So. 553, 103 Fla. 233.

Rehearing denied.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.