THE AMPHITRITE CORPORATION, a Corporation, *et al.,* v. CITY OF FORT LAUDERDALE, a Municipal Corporation of Florida.

3 So. (2nd) 150
En Banc
Opinion Filed June 13, 1941
Rehearing Denied July 1, 1941

*Beacham & Gaulden,* for Appellants;

*Julian E. Ross* and *C. L. Chancey,* for Appellee.

ADAMS, J.—The plaintiff, a municipal corporation, filed its bill in equity against the defendants to compel the removal of a floating hotel. From decree for plaintiff on final hearing it comes here on appeal.

In May, 1936, defendant requested of plaintiff a permit to moor and maintain the hotel until June, 1937. For a stated consideration the permit was granted and was renewed from year to year until June, 1940. Further permit was denied and defendant declining to quit and remove, plaintiff filed its bill alleging ownership of the land underneath the hotel; ownership of the park adjacent to the hotel; that the hotel was a sanitary nuisance and was a danger and hazard to persons and property in time of hurricane.

The defendant admits the lease but questions the plaintiff's title to the premises in question and also denies the nuisance allegations. The defendant insists that the remedy is adequate at law, hence equity should not take jurisdiction; that plaintiff did not give the statutory notice, Section 5433 C. G. L. 1927, of three months to terminate the tenancy, hence the suit was prematurely brought.

1. The defendant questions the constitutionality of Chapter 12427, General Laws 1927. The purpose was to defeat the plaintiff's title to the premises occupied. We are not deciding this question because we hold that the defendant was the lessee of the plaintiff and so long as such relationship existed the defendant could not question the lessor's title to the leased premises. State *ex rel.* v. Hutchins, 118 Fla. 220, 158 So. 716; Waddall, *et ux.,* v. Donelly, 138 Fla. 570, 189 So. 650.

2. The defendant claims this suit was prematurely brought for that defendant was a tenant at will paying rent from year to year and less than three months notice was given to quit and vacate the premises. This is without merit. The question is not jurisdictional and inasmuch as there was no issue made of this fact in the pleadings, it was not in issue before the lower court and will not be considered by us.

3. It is next claimed that the case made by the pleadings and proof is not cognizable in a court of equity. The rule prevailing in this State, Gentry-Futch Company v. Gentry, 90 Fla. 595, 106 So. 473, is: "to justify the retention of a cause not only must some substantial ground of equitable jurisdiction be alleged, but it must also be proved on the hearing." See also Monteverde Development Corporation, *et al.*

v. Howey-in-the-Hills, 102 Fla. 233, 135 So. 885; Chabot v. The Winter Park Co. and Dorn, 34 Fla. 258, 15 So. 756; Minick v. Minick Drug Co., Inc., 120 Fla. 621, 163 So. 228.

The equitable grounds alleged to warrant a retention of this case in equity are nuisance features. The evidence fails to substantiate those allegations, hence equity will not retain jurisdiction.

The plaintiff's remedy at law was adequate therefore the decree of the chancellor is reversed with directions to dismiss the bill.

Reversed.

BROWN, C. J., WHITFIELD, TERRELL and BUFORD, J. J., concur.

CHAPMAN, J., not participating.