**STATE, Plaintiff-Appellee, v. FARRAND, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4804. Decided September 23, 1952.

394

Richard W. Gordon, City Atty., John L. VanDervoort, Asst. City Atty., Columbus, for plaintiff-Appellee.
Milton L. Farber, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion of the appellee seeking an order dismissing the appeal for the reason that the appellant's brief was not filed with the notice of appeal and transcript, but was filed three days thereafter. It is urged that this is a violation of §13459-3 GC. All of the foregoing were filed within thirty days from the date of sentence and judgment, which meets all of the jurisdictional requiremments. This Court has held on numerous occasions that it is mandatory that the appellant's brief be filed within said thirty days, and failure to do so was fatal. But here the brief was filed within said thirty days, but was not filed at the exact time of the filing of the transcript. We are of the opinion that the exercise of a sound discretion requires that the motion be overruled. Several cases have been cited wherein this Court has held the requirement to be mandatory, but upon examination it will be found that the brief was not filed within the required thirty days. See **State, ex rel. Merrill v. Moore, 84 Oh Ap 49; State v. Jarcho, 65 Oh Ap 417.**

The purpose of the statute, it appears, is to expedite the final determination of the rights of defendants and the State in criminal cases and to avoid unnecessary delay. The only delay we are able to observe from the facts presented has been occasioned by the appellee who has waited some four months before filing this motion.

It is our conclusion that all of the statutory requirements in this case have been met and the motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**STATE, Plaintiff-Appellee, v. FARRAND, Defendant-Appellant.**

No. 4804.   Decided October 31, 1952.

Richard W. Gordon, City Atty., Glenn E. Kemp, John L. VanDervoort, Asst. City Attys., Columbus, for plaintiff-appellee. Milton L. Farber, Columbus, for defendant-appellant.

**OPINION**

By MILLER, J.

This is a law appeal from the judgment of the Municipal Court finding defendant-appellant guilty of engaging in the practice of medicine before obtaining a license so to do, in violation of §12694 GC. Because of the issue presented the charge in the affidavit is set forth in full as follows:

"That on or about the 17th day of March, 1952, at the City of Columbus, County of Franklin and State of Ohio, the said Jacob H. Farrand did unlawfully diagnose, examine, prescribe, recommend, administer and dispense medicine to one Dorothy Fisher, for a fee, for a disease, before he had obtained a certificate from the Medical Board of the State of Ohio so to do, in violation of §12694 GC * * *."

Sec. 12694 GC makes it an offense to engage in the practice of medicine or surgery in any of its branches before obtaining a license and fixes the penalty for its violation. A definition of the practice of medicine, et seq., is found in §1286 GC, which it will be noted is in several parts, one of which provides in substance that a mere holding out of one's self as being engaged in the practice of medicine shall be regarded as practicing the same. The other part provides that a person shall be regarded as practicing medicine who "examines or diagnoses for a fee or compensation of any kind, * * *." It is the last quoted part of the statute that the defendant is charged with violating. Even though the evidence discloses a violation of the "holding out" part of the section a conviction may not be had on this alone for it is not charged in the affidavit. The material part of the affidavit charges the defendant with unlawfully practicing medicine for a fee. The appellant urges that under the charges made the paying of a fee for the services rendered is one of the essential facts which must be proved before a conviction may be had, and that the prosecution failed to produce any evidence to show payment. We are in agreement with counsel to the extent that it was incumbent upon the State to prove that the services were performed for a fee, but differ as to the question of payment. An examination of the record clearly reveals, and

it is not denied, that from August 20, 1951, to January 1, 1952, medical services were rendered to both a Mr. and Mrs. John Fisher, the Mrs. John Fisher being the same person as the designated Dorothy Fisher in the affidavit; that over the aforesaid period of time a total of 30 treatments were given to them for which a charge of $3.00 per treatment was made. The prosecution offered in evidence State's Exhibit No. 7, which was admitted in evidence. This exhibit consists of five separate printed statements rendered to John Fisher, each of which provides as follows:

"In account with

Dr. J. H. Farrand

899 East Broad Street

Columbus, Ohio

For professional services rendered

    *  *  *  *"

These are itemized statements showing the dates the services were performed and charges made, also showing the dates of payments which total $55.00, leaving a balance on December 22, 1951, of $35.00. The appellant contends that since the affidavit charges the services were rendered on or about March 17, 1952, and the evidence does not disclose a fee was collected for these services, that there has been no violation of the statute. The question therefore presented is whether or not under the facts presented the services rendered at the time alleged in the affidavit were for a fee. We are of the opinion that this was a factual question for the determination of the trial judge, a jury having been waived, and if supported by any substantial evidence the judgment must be affirmed. A fee is a reward or compensation for services rendered or to be rendered. Crawford v. Bradford, 23 Fla. 404. It denotes compensation paid a professional man. Cochran v. Baker, 61 N. Y. S. 724, 5. A fee is earned when the services are completed but by usage, custom or agreement it may not be due and payable until some future date. The record clearly shows the plan or system by which the defendant collected for his services, to wit, by monthly statements. These were admissible in evidence under §13444-19 GC for this purpose. We think that it was not incumbent upon the prosecution to prove the fee was actually paid, under the charge set forth in the affidavit, before there could be a verdict of guilty, but that it was sufficient to produce sufficient evidence to establish that the motive in the performing of the services was the earning of a fee. Whether or not it was paid is not material.

We find that the evidence supports the verdict and the Court did not err in its judgment, which is hereby affirmed.

HORNBECK, PJ, WISEMAN, J, concur.