SHIVERS, Judge.
Surviving spouse appeals from a final order denying his claim of homestead property, contending that Article X, Section 4(c) of the Florida Constitution prohibits the devise of the homestead where the owner, who is not the head of a family, is survived by a spouse. We affirm but certify the question raised by appellant to be of great public importance.
Mary Lee Gardner (Holden) died on October 8, 1979, and left a will devising all of her real property to her sister, Roberta Howard, who is the personal representative of appellee estate. Included in the estate was a house located on a one half acre municipal lot valued at $8,000. The deceased left no lineal descendants.
On July 15, 1980, appellant, the deceased’s surviving spouse, filed a claim of homestead property, alleging the devise of the real property was void under Article X, Section 4(c), Florida Constitution (1968), because it constituted homestead property and therefore appellant was entitled to the property. Appellee filed an objection to the claim of homestead, asserting that the devise was valid because the deceased was not the head of a family and therefore the real property did not constitute homestead property. It was undisputed that appellant and the deceased resided on the property in question until her death, and that the property was solely owned by the deceased although appellant was the head of their family. The trial court denied the claim of homestead on the ground that the property was not homestead property.
In adjudicating this appeal, we are confronted with the issue of whether the constitutional prohibition against the devise of homestead, when the owner is survived by a spouse, is applicable when the surviving spouse was the head of the family.
Article X, Section 4(c), Florida Constitution (1972), provides in part:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child.
The definition of the word “homestead” for purposes of descent and distribution is not *1171 defined in Article X, Section 4. Article X, Section 4(a)(1), Florida Constitution (1968), exempts from forced sale “a homestead” of specified size and location “owned by the head of a family.” However, Article X, Section 4(c) merely states that the homestead cannot be devised if the owner is survived by spouse and does not expressly contain the additional requirement that the homestead be owned by the head of a family as found in the forced sale provision.
Under the homestead provisions of the 1885 Constitution, Florida courts held that real property could be homestead for purposes of descent and distribution only if it was owned by the head of a family residing on the property at the time of death. Article X, Section 4, Florida Constitution (1885) provided:
Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law.
The 1885 Constitution also exempted from forced sale a homestead of specified size and location owned by the head of a family. Article X, Section 1, Florida Constitution (1885). Under this provision, a husband who was the head of a family was not entitled to a homestead exemption from the forced sale of his wife’s property although he resided with the wife upon her property. C. B. Witt Company v. Moody, 72 Fla. 459, 73 So. 582 (1916); De Jonge v. Wayne, 76 So.2d 273 (Fla.1954); Abernathy v. Gruppo, 119 So.2d 398 (Fla. 3d DCA 1960). For descent and distribution purposes under the 1885 Constitution, Florida courts also required that the head of the family own and reside on the property at the time of death before the property could be considered homestead. In re Estate of Van Meter, 214 So.2d 639 (Fla. 2d DCA 1968); Jablonski v. Caputo, 297 So.2d 310 (Fla. 2d DCA 1974). In other words, the head of a family was conceptually subsumed as a necessary element to be met in order to prove entitlement to real property as homestead under the forced sale exemption as well as for descent and distribution purposes.
Appellant argues that Article X, Section 4(c), of the 1968 Florida Constitution has done away with the requirement that the owner of realty alleged to be homestead must be the head of a family before the prohibition against the devise of homestead when the owner is survived by spouse becomes applicable. He contends the word “homestead” in the 1968 Constitution is used to define real property which is the family residence. To support his premise, he first points to the 1968 Constitution’s separation of the 1885 Constitution’s provisions relating to homestead for purposes of exemption from forced sale and homestead for purposes of devise, and argues that Article X, Section 4(c) prohibits the devise of homestead whenever the owner, rather than the head of a family, is survived by a spouse. He then directs our attention to the statutory change in the Florida Probate Code of 1975, which he maintains was enacted to reflect the change in the 1968 Constitution from the 1885 Constitution. Prior to 1975, Section 731.05, Florida Statutes (1973) provided:
Any property, real or personal, held by any title, legal or equitable, with or without actual seisen by be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads. (Emphasis added.)
Presently, Section 732.4015, Florida Statutes (1979) reads:
As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner’s spouse if there is no minor child. (Emphasis added.)
*1172 Finally, he points to Section 222.19, Florida Statutes (1978), which states that the purpose of the homestead provisions of the Constitution “is to shelter the family and the surviving spouse, and such purpose shall be carried out in a liberal spirit in favor of those entitled to the exemption.”
Notwithstanding the sympathetic appeal of appellant’s position, especially in light of the fact that he faces the loss of his family home, we decline to adopt his proposed construction of Article X, Section 4(c).
“A home is not necessarily a homestead, even though it is occupied as a residence and even though the person so occupying it is the owner.” Estate of Van Meter, supra, at 641. In order for a surviving spouse to acquire homestead realty under the Florida Constitution, a husband and wife relationship must have existed at the time of the owning spouse’s death and the property must have been occupied at the time of the owner’s death by the family of which he or she was head. Weitzner v. U.S., 309 F.2d 45 (5th Cir. 1962), cert. denied, 372 U.S. 913, 83 S.Ct. 727, 9 L.Ed.2d 720. The key ingredient for the establishment of homestead property is that the resident owner must be the head of a family. A family relationship, for homestead purposes, is met by: (1) a legal duty to maintain arising out of the family relationship and/or (2) a continuing communal living by at least two individuals under such circumstances that one is regarded as the person in charge. Cory v. Parks, 386 So.2d 292 (Fla. 2d DCA 1980); Beck v. Wylie, 60 So.2d 190 (Fla.1952). The homestead provision of the Constitution was designed to protect those persons whom the decedent had a legal duty to support, arising out of a family relationship. Estate of Deem v. Shinn, 297 So.2d 611 (Fla. 4th DCA 1974). In the present case, appellant’s deceased spouse had no legal duty to support appellant since it was established that he was the head of the family. Thus, based upon the long established judicial construction of the homestead provisions, there is no need to impose the homestead protections to invalidate the deceased’s testamentary disposition of the property and we therefore affirm the order denying appellant’s claim of homestead.
However, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question to be of great public importance:
Whether the prohibition against the devise of homestead property contained in Article X, Section 4(c) of the Florida Constitution applies only to situations where the deceased owner, who is survived by a spouse, is the head of the family? AFFIRMED.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.