PER CURIAM.
This is an appeal from an order of the probate division of the Circuit Court in and for Dade County denying appellant’s petition to set aside homestead.
The evidence adduced at the hearing on the petition showed that appellant was married to Katherine Baker Thompson, the deceased, in November, 1982 and they lived together as husband and wife until she died in January, 1983. There were no children born of this marriage. The wife was the mother of a son born out of wedlock in 1977 who did not live with the Thompsons and was not supported by them. The Thompsons lived in a condominium in Coral Gables, Florida which was owned by a revocable trust established by Mrs. Thompson (then Katherine J. Baker) in 1975 with the sizeable proceeds of a personal injury settlement. She was the sole beneficiary of the trust. There was testimony from appellant that he relied totally upon his wife, i.e., the proceeds of her trust, for support even though he was an able bodied employable man. He testified that this was a lifestyle agreed upon by them at the time of their marriage. By such agreement he contended that he relinquished to his wife his traditional role as head of the family. However, he also testified that he assumed the role of manager of the couple’s finances since the decedent was unable to budget her monetary affairs.
After a full hearing on the petition, the trial judge entered the following order, from which this appeal is taken:
THIS CAUSE came before the Court on June 7, 1983 for a hearing on the Petition to Set Aside Homestead filed by Petitioner, Richard Thompson.
Upon completion of the Petitioner’s case, counsel for the Estate of Katherine Baker Thompson and the Katherine J. Baker Trust moved ore terms for an involuntary dismissal of the Petition, pursuant to Rule 1.420(b), Fla.R.Civ.P.
After consideration of the evidence presented by Petitioner, and having heard argument of counsel, the Court finds that Petitioner failed to sustain his burden of showing that the Decedent was the head of the family at the time of her death. Therefore, even assuming, but not deciding, that Decedent was the owner of the property in question, being Unit # 5 Mariposa Manor Condominiums, since Decedent was not the head of the family, the property in question could not qualify as homestead.
*235 Accordingly, upon consideration of the record in the cause, and being otherwise duly advised, it is
ORDERED AND ADJUDGED that
1. The ore terms motion for involuntary dismissal is granted, and the Petition to Set Aside Homestead be and the same is hereby dismissed with prejudice.
2. Petitioner shall vacate the premises of Unit # 5 Mariposa Manor Condominium on or before July 15, 1983.
[[Image here]]
On appeal we. are presented with the following two points: (1) Can real estate which is owned by a revocable trust be considered homestead property by the occupants therein(?) and (2) Can a wife, such as the decedent herein, be the head of household for purposes of homestead(?).
We have concluded, after careful consideration of the record, briefs and arguments of counsel, that the trial court correctly ruled upon these questions and that no reversible error has been shown. See generally Holden v. Estate of Gardner, 420 So.2d 1082 (Fla.1982) (prohibition against devise of homestead property applies only where deceased owner, survived by a spouse, is head of family), aff'g 404 So.2d 1169 (Fla. 1st DCA 1981).
Affirmed.