VIRGINIA P. ROBERTSON, APPELLANT, VS. GEORGE W. BIDDELL, APPELLEE.

LANDLORD AND TENANT—TENANT ON BECOMING PURCHASER FROM LANDLORD IS NOT ESTOPPED TO SHOW TERMINATION OF LANDLORD'S TITLE IN SUIT ON FORMER LEASE FOR RENT ACCRUING AFTER HIS PURCHASE.

1. The general rule is, that in actions for rent, the tenant will not be permitted to question or impeach the landlord's title, so long as he holds the possession originally derived from him; but this principle does not forbid the tenant from showing by way of defense in such cases, that the landlord's title has expired, or has been terminated or extinguished by his own act, or by operation of law. The tenant can not dispute the title of the landlord so long as it remains as it was at the time the tenancy commenced; but he may show that the title under which he entered has expired or been extinguished.

2. Where the plaintiff in a few days after putting the defendant as tenant in possession of the promises and receiving a month's rent in advance, sells the property to the defendant tenant's wife, delivering a well-defined contract of sale, and after receiving part of the purchase price, refunds to the defendant, because of such sale, most of the rent paid in advance, and notifies another co-tenant on the premises to attorn to the defendant's wife, such acts are tantamount to a surrender by the landlord of his possession to the defendant's wife as his vendee, and he can not revest himself with the right to such surren-

dered possession against his vendee's consent, and without default on the vendee's part, without first getting rid, in some legitimate way, of his contract of sale. His arbitrary revocation of such contract of sale, or refusal to carry it out, and demand for possession, or rents, could not of itself, in the absence of default on the vendee's part, reclothe him with the right to the possession of the premises or to rents therefrom, until the rights of his vendee under such contract of purchase had been properly disposed of and determined. And in a suit by such landlord against his vendee's husband for rents accruing after such sale, the defendant husband can properly set up such sale to his wife by way of defense.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*William H. Jewell* for Appellant.

*C. F. Akers* for Appellee.

TAYLOR, J. :

The appellant sued the appellee in the Circuit Court for Orange county by the summary remedy provided in sections 2, 3 and 4, pp. 701, 702, McClellan's Digest, in distress for rent, in which no written pleadings are necessary under the statute.

It was developed at the trial on the part of the plaintiff that she, through her authorized agents, by written instrument under seal, dated the 15th of August, 1887, leased the lower story of a certain house in the city of Orlando to the defendant Biddell for the period of one month at a rental of $15 per month, payable in advance, the lease to continue from month to month for the term of one year, unless the lessor should sooner sell said premises, in which event, Bid-

20

dell was to surrender the premises at any time on 30 days notice. That Biddell took possession of the premises under said lease, and paid one month's rent in advance. That during the latter part of the month of September, 1887, she made demand upon Biddell for the rent then overdue, and on default of payment thereof, then demanded possession of the premises, all of which Biddell refused to do, persisting in retaining possession of the premises and refusing to pay rent therefor. The plaintiff claimed that she was entitled to $360 for rents from October 1st, 1887, to October 1st, 1888, the same being double the rent due as per the contract, but allowed as a penalty under our statute where the tenant refuses to deliver possession of premises at the expiration of his lease—sec. 15, p. 703, McClellan's Digest. That the defendant had paid no rent for any part of that period.

On the part of the defendant, Geo. W. Biddell, it was shown that on or about the twentieth of August, 1887, a few days after he took possession of the premises as the tenant of the plaintiff under the above-mentioned lease, his wife, Elgiva A. Biddell, purchased the premises from the plaintiff, one M. O. Crumpler acting as his wife's agent in making said purchase. That he first went into possession under the lease as a renter, but that after the purchase by his wife he held the possession by virtue of the sale to his wife. That soon after buying the property he met the plaintiff, who stated to him that she wanted some flowers that were growing on the place, but that now since she had sold to his wife, she did not feel authorized to take them unless Mrs. Biddell was disposed to give them to her; upon which he told her if she would send for them he would give them to her. The plaintiff also told him that as

they had bought the place before the end of the month for which rent had been paid, that she would refund to him the months rent paid, less the amount that had accrued up to the time of the purchase, and instructed him to call on her agents, Curtis, Fletcher & O'-Neal, who would, for her, refund him the money, which he did. That ever since that time he and his family have been in possession of the premises under the purchase. That one DeWitt Carter and family occupied the upper part of the building, and after his wife's purchase Carter paid rent to him by instruction from the plaintiff for some time.

DeWitt Carter, for the defendant, testified that he was occupying the upper part of the building at the time it was sold by the plaintiff to Mrs. Biddell, and that soon after the sale the plaintiff told him she had sold the place to Mrs. Biddell, and that he should thereafter pay his rent to Mrs. Biddell. That he had consequently paid rent to Mrs. Biddell until the plaintiff, through her attorney, forbade it, and demanded the same to be paid again to her.

Ingram Fletcher, for the defendant, testified that he was a member of the firm of Curtis, Fletcher & O'Neal, who were agents for the plaintiff in renting her property. That he rented the lower story of the premises in question to G. W. Biddell on August 15th, 1887, Biddell paying him $15 for one month's rent in advance. That about a week after this Biddell came to his office and asked that a part of the month's rent that he had paid should be refunded to him, as he had bought the property. That he thereupon saw his principal, the plaintiff, who told him she had sold the place to Mrs. Biddell, and that if it was right, he might pay back a part of the rent received, upon which he

refunded to Biddell all the rent he had paid, except the rents for five days, and seventy-five cents for commission.

The plaintiff herself was then called as a witness for the defendant, and admitted that the following instrument was signed by her, and was the agreement made between herself and M. O. Crumpler as agent for Mrs. Biddell, for the sale of the property, to-wit.

ORLANDO, FLA., AUGUST 20th, 1887. ·

Received of Elgiva A. Biddell one hundred dollars as part payment and earnest money for house and lot described as follows: Beginning at the N. W. corner of block 11, Summerlin's addition to Orlando, running east 150 feet, thence south 75 1-2 feet, thence west 150 feet, thence north 75 1-2 feet to place of beginning; consideration to be $3,300, in payments as per agreement, $400 in cash; bal. $50 per month.

(Signed) MRS. V. P. ROBERTSON,

That she had received $100 under said agreement on account of the purchase money; and M. O. Crumpler, as Mrs. Biddell's agent had tendered her $300 more, which she declined to accept. That there was now pending in said Circuit Court of Orange county, a bill filed by Mrs. Biddell against her for specific performance of that agreement.

The plaintiff, on her own behalf, was recalled as a witness, and testified that she had signed said agreement of sale under a mistake as to its terms and effect as understood and interpreted by the said Mrs. Biddell and her husband, the defendant, and that when she discovered that a misunderstanding existed as to the terms and effect of said agreement of sale, she at once tendered back to Mrs. Biddell the $100 already

paid, and subsequently declined to receive the further sum of $300 when tendered by Crumpler, as agent for Mrs. Biddell, and then notified him as such agent, that she declined to carry out said agreement of sale because of such misunderstanding; and thereupon in September, 1887, demanded possession of said premises, which was refused; and also notified DeWitt Carter, who occupied the upper story to pay rent to her. She denied ever having told said Carter to pay rent to Mrs. Biddell. She also denied ever having agreed verbally or otherwise that defendant and wife, or anyone else, should have possession of said premises or any part thereof under and by virtue of said agreement of sale, or otherwise than under said lease. That immediately prior to bringing her suit the possession of the premises and the payment of the rent claimed had been demanded of the defendant and had been refused by him. That she did consent that her agents, Curtis, Fletcher & O'Neal should refund a part of the rent paid for August, 1887, but it was done at Mr. Fletcher's suggestion, both of them then supposing the sale of the premises was made on terms fully understood.

Upon this testimony the cause was submitted to the jury, who found for the defendant, upon which judgment was rendered in favor of the defendant and against the plaintiff for costs, from which judgment the plaintiff appeals.

At the trial the plaintiff moved that all of the testimony given on behalf of the defendant relating to a sale of the premises and a change of the right of possession and use thereof under any such sale be stricken out on the following grounds: 1st. The evidence offered to prove such a sale is an executory contract of sale which defendant admits has not been carried out,

and which he also admits that the plaintiff refuses to carry out, and which contract contains no agreement that the vendee should have possession thereunder. 2nd. Because if there was any such possession of said premises granted to defendant by plaintiff, the defendant admits that such possession was revoked prior to the date for which rent is claimed in this suit and possession demanded by plaintiff. The refusal of the court below to grant this motion is assigned as error.

There was no merit in this motion, and no error in the refusal of the court to sustain it. The entire motion seems to be predicated upon the mistaken idea that a vendor of land can enter into a solemn contract for its sale, put the vendee is possession under such contract, raceive part of the purchase money, and then arbitrarily revoke such contract without the consent of the vendee. Neither a court of law or equity can admit any such unilateral right on the part of one party to a contract that takes two to enter into. The evidence sought to be stricken out here was pertinent and material, and established a perfectly legitimate and proper defense in bar of the relief sought. The well established general rule is, that in actions for rent by landlords against tenants, the tenant will not be permitted to question or impeach the landlord's title so long as he holds the possession originally derived from him; but it is equally well settled that this principle does not forbid the tenant from showing, by way of defense in such cases, that the landlord's title has *expired*, or has been *terminated*, or *extinguished* by *his own act*, or by operation of law. The tenant cannot dispute the title of the landlord so long as it remains as it was at the time the tenancy commenced; but he may show that the title under which he entered has

*expired*, or been extinguished.  Jackson vs. Rowland, 6 Wend., 667; Lancashire, Morehead & Lowery vs. Mason, 75 N. C. 455; McGuffie vs. Carter, 42 Mich., 497; Elliott vs. Smith, 23 Pa. St., 131; Tewksbury vs. Magraff, 33 Cal., 237; Franklin vs. Palmer, 50 Ill., 202; Wolf vs. Johnson, 30 Miss., 513; Otis vs. McMillan & Sons, 70 Ala., 46; Stout vs. Merrill, 35 Iowa, 47; Shields vs. Lozear, 34 N. J. (Law), 496; 2 Taylor's Landlord and Tenant, sec. 708 (8th ed.); Sedgwick & Wait on Trial of Title to Land, sec. 358; 1 Washburn on Real Property, Chap. 10, sec. 8.

In this case within a week after the defendant was put into possession of the premises under a lease as the tenant of the plaintiff the latter sells the property to the defendant's wife, refunds the rent paid in advance, and notifies another cotenant of the premises to attorn to the defendant's wife.  These acts upon the plaintiff's part were tantamount to a surrender of her possession as landlord to her vendee, the defendant's wife, and she could not revest herself with the right to such surrendered possession, against her vendee's consent, and without any default on the vendee's part, without first getting rid, in some legitimate way, of her contract of sale.  Her arbitrary revocation of such contract, or refusal to cary it out, and demand for possession, or rents, could not of itself, in the absence of default on the vendee's part, reclothe her with the right to the possession of the premises or to the rents therefrom, until the rights of her vendee under such contract of purchase had been properly disposed of and determined in some legitimate manner.  Under the proofs in the case, we think the verdict of the jury was proper, and the court's denial of the motion for new trial was proper also.

There are other exceptions and assignments of error thereon in the record, but we deem it unnecessary to notice them further than to say we discover no reversible error in the record, and the judgment appealed from is, therefore, affirmed.