DEUTY ROGERS, *Plaintiff in Error*, v. O. E. MARTIN, *Defendant in Error.*

Opinion Filed February 27, 1924.

This case was decided by Division B.

1. In the trial of any case at law in the several courts of this State after all the evidence for the plaintiff shall hove been submitted, if it be apparent to the judge that no evidence has been produced on which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant.

2. Where the relation of landlord and tenant is shown the tenant is estopped to deny his landlord's title. Winn v. Strickland, 34 Fla. 610, 16 South. Rep. 606; Jones v. Allen, 63 Fla. 204, 58 South. Rep. 784.

3. Waste and abuse of leased premises may be stopped and damages therefor recovered for appropriate action, but eject-ment will not serve that purpose.

4. During the life of a lease the lessee holds an outstanding leasehold estate in the premises, which for all practical purposes is equivalent to absolute ownership. The estate of the lessor during such time is limited to his reversionary interest which ripens into perfect title at the expiration of the lease.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*J. C. Poppell* and *J. B. Gibson, Jr.,* for Plaintiff in Error;

*Mabry, Reaves & Carlton,* for Defendant in Error.

TERRELL, J.—The record here shows that Deuty Rogers, the plaintiff in error, on February 18, 1918, executed a deed to certain lands in Hillsborough County in favor of O. E. Martin, defendant in error. Martin seems to have been a friend of Rogers and the deed was made on advice of counsel for the purpose of avoiding execution in a threatened suit.

April 1st, 1919, Rogers executed a lease to Martin for five years of the identical premises described in the deed of February 18, 1918.

On March 14, 1919, Rogers executed a second deed to Martin, and Martin in turn executed his deed to Rogers,

both deeds describing the lands described in the lease of April 1, 1919. The apparent reason for this second deed on the part of Rogers was that in February, 1918, when he executed the first deed he had a lawful wife who did not .join in it, while prior to March, 1919, his wife had been divorced, hence the second deed was on advice of counsel necessary to vest all his title in Martin.

In November, 1921, Rogers brought a suit in ejectment against Martin to recover the lands described in the lease and deeds herein. The case was tried in May, 1923, and at the conclusion of Rogers' testimony the jury returned an instructed verdict for Martin. From an order denying a motion in arrest of judgment and a motion for new trial, writ of error was taken to this court.

Was the trial court's instruction to the jury to return a verdict for the defendant Martin erroneous may be said to be the only question presented for our solution.

Section 2696, Revised General Statutes of Florida, 1920, among other things, provides that in the trial of any case at law in the several courts of this State after all the evidence for the plaintiff shall have been submitted, if it be apparent to the judge that no evidence has been produced on which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant. Our statute seems to define the universal rule on this question. Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945; 9 R. C. L. 918 and cases therein cited.

The pleadings raised the issue of title and right of possession. The evidence was conclusive as to the execution of the deeds of February 18, 1918, and March 14, 1919, and the lease of April 1, 1919. The effect of all these deeds was to leave the title and right of possession to the lands in question in the plaintiff Rogers, but sub-

sequent to said deeds he (Rogers) makes a five year lease covering said· lands to the defendannt Martin, which under the terms thereof does not expire till April 1st, 1924, during which time the right of possession is in Martin, subject of course to the provisions of said lease.

The contention of Rogers is that he is entitled to the possession of his lands leased to Martin because Martin, the lessee, has denied and repudiated his (Rogers) title to the said leased premises, and claims title therein.

The law is well settled even from the days of feudal times, that where the relation of landlord and tenant is shown the tenant is estopped to deny his landlord's title. Donald v. McKinnon, 17 Fla. 746; McLean v. Spratt, 20 Fla. 515; Robertson v. Biddell, 32 Fla. 304, 13 South. Rep. 358; Winn v. Strickland, 34 Fla. 610, 16 South. Rep. 606; Jones v. Allen, 63 Fla. 204, 58 South. Rep. 784; Walden v. Bodley, 14 Pet. (U. S.) 156; Goode v. Gaines, 145 U. S. 141, 12 Sup. Ct. Rep. 839; Tillopson v. Kennedy, 5 Ala. 407, 39 Am. Dec. 330; Hodges v. Waters, 124 Ga. 229, 52 S. E. Rep. 161, 1 L. R. A. (N. S.) 1181; Notes 69 Am. Dec. 510; Notes 39 A. S. R. 776; Notes Ann. Cas. 1912D 101, and many others.

The testimony as to repudiation of Rogers' title was in substance that some neighbor had told him that Mrs. Martin did not want him on the place; that the Martins were abusing his personal effects left on the place, and that Rogers had heard a rumor to the effect that Martin claimed the place and had his deed to it recorded in Hillsborough County. The deed records of Hillsborough County disclosed the record of a deed from Rogers to Martin dated April 14, 1919, one month later than the two deeds of March 14 herein referred to, but in view of all the evidence on this point we are led to the conclusion that the deed appearing of record as of April 14, 1919,

was in fact the same deed of March 14, 1919, and that this discrepancy in date was merely an error, there being no evidence to suggest fraud.

Rogers also testified that he reserved a room in the house in which he stored his personal effects, and that Martin had removed said effects from the room and was abusing and destroying them. The lease itself disproves the averment or testimony of Rogers as to the reservation of the room. Waste and abuse of leased premises may be stopped and damages therefor recovered by appropriate action, but ejectment will not serve that purpose.

In this view of the case all the testimony supporting repudiation of Rogers' title by Martin is reduced to floating rumor, Rogers himself testifying that Martin never suggested to him that he (Martin) claimed title to the property in litigation. It is therefore not made to appear that plaintiff's claim of repudiation was well grounded. During the life of the lease herein Martin holds an outstanding leasehold estate in Rogers' premises which for all practical purposes is equivalent to absolute ownership. Rogers' estate is limited to his reversionary interest which ripens into perfect title at the expiration of the lease. Stern v. Sawyer, 78 Vt. 5, 61 Atl. Rep. 36, 112 Am. St. Rep. 890, 6 Ann Cas. 356.

On careful examination of the whole record we do not think that evidence sufficient to warrant a verdict for the plaintiff was submitted. From this view of the evidence the instructed verdict for the defendant was proper.

For the reasons announced in this opinion the judgment of the Circuit Court of Hillsborough County is affirmed.

WHITFIELD, P. J. and WEST, J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.