MAUDE WADDELL, *et vir* v. WALTER L. DONELLY, as Executor of the Estate of Peter Donelly.

189 So. 650
Division A
Opinion Filed June 9, 1939

*Scruggs & Sobol* and *Zach H. Douglas,* for Plaintiffs in Error;

*Feilding & Duncan* and *R. H. Rawls,* for Defendants in Error.

THOMAS, J.—To simplify this opinion plaintiffs in error will be called defendants and defendant in error, plaintiff.

Plaintiff sued defendants in ejectment claiming Lot twelve in Block four, Unit one of Hamilton Estates. The only plea filed in the case was as follows:

"And now comes the defendant, MAUDE WADDELL, joined by her husband, ALBERT WADDELL, and for her plea to the declaration now on file herein says: That she is not guilty."

At the conclusion of all the testimony the court granted the motion of the plaintiff for a directed verdict and the jury in obedience to the ruling found the "defendants guilty."

The defendants were man and wife who had lived on the property for eight or nine months at the time of the trial, having been let into possession of the property by Burton H. Rawls on the 29th day of June, 1936. The house which they then occupied had been vacant and the keys to it were supplied by Rawls. Defendant husband agreed with Rawls to pay rent and did so for more than a month.

This remarkable situation then developed: Defendant

wife demanded possession of defendant husband, although, for aught the record shows, peace and harmony prevailed in their domestic life. Significantly the demand was co-incidental with the date a tax deed issued to defendant wife, August 3, 1936, after publication of notice therefor first appeared in the newspaper July 5, 1936, six days after the defendant went into possession of the land.

Plaintiff's title is based on a warranty deed to his testate.

The method followed by the defendants in the plea filed and in the effort to distinguish between the possession of the wife and that of the husband is quite ingenious but does not recommend itself to the Court as a bona fide transaction.

Defendants challenge the authority of the witness Rawls who alone testified to his right to act as agent for plaintiff. They cited cases with reference to the inability of an agent to establish his own authority but it seems useless to explore this field of the law in view of the facts which are not disputed.

The man, whose authority as an agent is questioned, delivered the keys to the property to those who make the challenge and they paid rent to him for the use of the property. They could not in one breath receive benefits from him as an agent and in the next refute his right to act. As they have dealt with Rawls as the representative of the owner and thereby gained possession of the land, they should not be heard to question his power afterwards while resisting an action in ejectment by basing a defense on a tax deed obtained subsequent to their entry.

A tenant may not dispute his landlord's title (Rogers v. Martin, 87 Fla. 204, 99 South. Rep. 551), and this inhibition will extend to the wife who enters into possession of premises with her husband. Holton v. Jackson, 184 Ky. 559, 212 S. W. Rep. 587. See also Waldron v. Waldron,

73 W. Va. 311, 80 S. E. Rep. 811; and Sizemore v. Trimble, 26 Ky. L. 8, 80 S. W. Rep. 447.

In the circumstances reflected by the evidence we believe the position assumed by defendants is wholly indefensible.

There is no need to elaborate on the merits of the controversy by discussing the various objections to the tax deed.

The judgment is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.