658 So.2d 630 (1995)
Steven BATESKI, a Minor, By and Through Susan BATESKI, his Natural Guardian and Next Friend, and Susan Bateski, Individually, Appellants,
v.
Charles Robert RANSOM and Marion E. Ransom, Appellees.
No. 94-02716.
District Court of Appeal of Florida, Second District.
July 21, 1995.
Lawrence J. Robinson and Linda Brooks Robinson of Robinson & Robinson, Sarasota, for appellants.
*631 Jeffrey D. Troy of Troy & Yeslow, P.A., Fort Myers, for appellees.
SCHOONOVER, Judge.
The appellants, Steven Bateski and his mother, Susan Bateski, challenge a final judgment which held that they had entered into a valid settlement agreement with the appellees, Charles Robert Ransom and Marion E. Ransom. We find that the parties did not enter into an enforceable settlement agreement and, accordingly, reverse and remand for further proceedings.
The instant dispute arose out of an automobile accident which the Bateskis claim was caused by Charles Robert Ransom. Steven Bateski was a minor at the time and received serious injuries as a result of the accident. Shortly after the accident, the Bateskis' attorney notified the Ransoms and their insurance carrier, State Farm Mutual Automobile Insurance Company (State Farm), that he represented the Bateskis. After the parties exchanged information concerning insurance coverage and injuries, the Bateskis' attorney forwarded a demand letter to State Farm. The letter, dated April 7, 1993, stated that "this letter is to advise you that we will accept tender of your insured's policy limits within 30 days of your receipt of this demand conditioned upon our client's signing the enclosed release only." The letter was received by State Farm on April 12, 1993. On May 5, 1993, a State Farm claims representative spoke to a legal assistant employed by the Bateskis' attorney and on May 6, 1993, State Farm sent a letter confirming that conversation and offering the policy limits, i.e. $100,000, upon the execution of "a full release." On May 12, 1993, the Bateskis' attorney wrote to State Farm again and reminded them of the contents of his earlier letter. It appears that this letter was not answered immediately.
Even though State Farm was evidently attempting to work with a representative of the Bateskis' attorney in setting up a friendly suit to have the settlement approved, the Bateskis filed an action against the State Farm insureds. In addition to general denials, the answer to the Bateskis' complaint contained affirmative defenses, including one which alleged that the matter had been settled before the action was instituted.
Several months after the action was commenced, the appellees filed a motion, later amended, to enforce the settlement. The parties stipulated to try the affirmative defense of settlement and the motion to enforce the settlement before trying the main action. At the conclusion of the hearing on those matters, the trial court granted the appellees' motion to enforce the settlement, and the Bateskis filed a timely notice of appeal from the final judgment entered by the trial court.
Although we agree with the principle that settlements are favored and will be enforced whenever possible, Robbie v. City of Miami, 469 So.2d 1384 (Fla. 1985), a valid agreement is a predicate to an order of enforcement and such an agreement was not established in this case.
Settlement agreements are governed by the law of contracts and to be enforced they must be sufficiently specific and the parties must mutually agree on every essential element. Don L. Tullis & Assocs., Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985). Furthermore, the party seeking the judgment, in this case, the appellees, has the burden of establishing assent by the opposing party and must establish a meeting of the minds or mutual or reciprocal assent to a certain definite proposition. Williams v. Ingram, 605 So.2d 890 (Fla. 1st DCA 1992).
In this case, the appellants made a certain definite proposition, i.e. the matter could be settled if State Farm tendered the policy limits to them within thirty days and if the appellees would accept the specific release enclosed with the appellants' letter concerning settlement. Because the appellees did not carry their burden on the second part of the proposition which dealt with the release to be executed, it is not necessary to decide if the appellants' second letter constituted a waiver of that part of the proposition requiring a tender of the policy limits within thirty days. We, therefore, limit our discussion to that part of the appellants' proposition concerning the release to be given to the appellees.
*632 In order to prevail in this matter, it was necessary for the appellees to establish that the parties had mutually agreed that the matter would be concluded upon the tender of the money and the execution of the Bateskis' release form only, or that the appellees had assented to that proposition. The appellees did not carry their burden in this regard. An essential term of the appellants' proposition concerning settlement was the type of release to be given. The fact that Steven Bateski was a minor at the time of the offer does not control our decision in this matter. It is true that while Steven Bateski was a minor, the giving of a release form of any type would not have allowed the parties to conclude the matter since he and his mother would have had to cooperate in obtaining court approval of the settlement. That was not an essential term of any agreement, however, but was a contingency that did not affect the proposal in this instance. See Robbie, 469 So.2d at 1385.
The Bateskis offered to accept a tender of State Farm's policy limits and, in exchange for that tender, to execute a specific release. State Farm subsequently offered the policy limits upon the receipt of a full release but did not agree upon using the release originally proposed by the Bateskis. If the parties had mutually agreed to settle this matter upon the execution of a certain type of release and the settlement was not completed because of the form of the release only, we would affirm the trial court on the authority of Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859 (Fla. 4th DCA 1986). In Dania, the court enforced an agreement where the parties agreed to settle an action for $6000. The parties agreed that they would exchange mutual releases that did not objectively prejudice either party. The court held that it was established that the parties had agreed to settle the matter and give mutual general releases. The court concluded that the form of the release was incidental to the agreement. In this case, however, the parties never agreed upon, nor expressed an agreement as to the character, nature, or type of release to be used. The appellees, accordingly, did not establish an essential element of the agreement and the trial court erred by granting the appellees' motion to enforce the settlement. Gaines v. Nortrust Realty Management, Inc., 422 So.2d 1037 (Fla. 3d DCA 1982).
We, accordingly, reverse and remand with instructions to proceed to dispose of this matter on the merits.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and WHATLEY, J., concur.