748 So.2d 299 (1999)
George C. GRIMSLEY, Appellant,
v.
The INVERRARY RESORT HOTEL, LTD., a Florida limited partnership, Appellee.
No. 98-1641.
District Court of Appeal of Florida, Fourth District.
September 1, 1999.
Rehearing Denied January 28, 2000.
George C. Grimsley, Fort Lauderdale, pro se.
David E. Jankowitz and Edmund Loos III of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for appellee.
CHAVIES, MICHAEL, Associate Judge.
We reverse an order enforcing a settlement agreement and dismissing a complaint brought by George Grimsley against The Inverrary Resort. The trial court determined that the parties had reached a settlement. The court dismissed Grimsley's complaint and enforced the said agreement. We conclude, however, that the parties failed to enter into a binding agreement.
For a complete understanding of the issues presented, we need to recount the pertinent facts in detail:
On March 6, 1994, the appellant, Grimsley, executed a contract for purchase and sale of a condominium unit located in the Inverrary Resort Hotel Condominium. Grimsley reviewed promotional materials of the Inverrary condominium units. Grimsley selected a unit for purchase. *300 Grimsley was required to secure $20,000 in financing to purchase the unit. On the day the contract was executed, the bank declined financing. Grimsley then applied for owner financing through Inverrary and executed a mortgage rider, which required credit approval.
Grimsley gave Inverrary $1,000 towards the purchase of the condo unit. Closing was set for March 9, 1994. Grimsley was allowed to move his belongings into the unit he was scheduled to purchase. On March 9, 1994, Grimsley was informed that the closing would not take place and that he would be contacted when it was reset. On or about March 17, 1994, Grimsley was told that he had to move out by March 20, 1994, because owner financing was not available to him and the unit would not be sold. Grimsley then moved out of the condo unit and Inverrary returned his $1,000 deposit.
On February 8, 1996, Grimsley filed suit against Inverrary for breach of contract, wrongful ejection, and intentional infliction of emotional distress. The trial court dismissed count III with prejudice (intentional infliction of emotional distress), and proceeded on count I (breach of contract) and count II (wrongful ejection). Thereafter, Grimsley amended his complaint to include allegations of fraud in the inducement, fraudulent concealment, and further sought punitive damages. These counts were dismissed by the trial court with prejudice, leaving as the remaining counts: breach of contract and wrongful ejection.
In September of 1997, Inverrary served its motion for final summary judgment, and Grimsley filed a response and memorandum of law in support thereof. The court denied the summary judgment in October of 1997. In the early part of January 1998, this matter was set for nonjury trial. In February, Inverrary filed an amended motion for final summary judgment. Thereafter, Grimsley filed his motion to strike the defendant's amended motion for final summary judgment. Grimsley's motion was denied, and Inverrary's motion for summary judgment remained to be heard.
In the interim, the parties attended mediation but were unsuccessful. The parties continued to negotiate via letters. Grimsley sent a letter which provided that his expenses, costs, and fees totaled $3,283.55 at that time, and stated that he would accept $11,500.00 as damages for settlement of counts I and II of the complaint. Inverrary sent a letter to the plaintiff which outlined the terms of its offer to settle the matter in full. The March 18, 1998 letter provided as follows:
As I indicated to you at mediation, my client's good faith offer to settle this matter is $8,000.00. After reviewing your detailed list of costs and expenses, I still believe that the $8,000.00 offer more than compensates you for the time and effort you have put into this matter. I do hope you would reconsider my offer of $8,000.00 to settle this matter in full. In order to settle, we will require that General Releases be exchanged between you and The Inverrary. Once you have fully evaluated our position, please call to inform me whether or not you believe it is still possible to settle. I look forward to hearing from you.
On March 24, 1998, Inverrary increased its offer to $9,000.00 to settle the matter in full. The record indicates that Grimsley filed a "Notice of Acceptance of Offer of Settlement" on April 20, 1998. Grimsley's notice of acceptance said the following: "Please be advised that pursuant to Fla. Stat. 768.79(4), I am accepting the $9,000.00 offer of settlement made on March 24 for the claims of breach of contract and wrongful ejection."
There was a series of correspondence between Grimsley and Inverrary. This consisted of negotiations relating to settling the counts of breach of contract and wrongful ejection. The correspondence also addressed the issues of releases. The record reveals that the position of Inverrary and its law firm regarding the releases *301 was that they would be absolved of any further liability from the breach of contract and wrongful ejection claims. The record further reveals that Grimsley was not willing to sign a general release which would relieve all members of the law firm representing Inverrary from further liability.
Inverrary then filed a motion to compel enforcement of settlement and motion for involuntary dismissal. This was supplemented by an amended motion to compel enforcement of settlement, motion for sanctions, and motion for involuntary dismissal. The court then granted Inverrary's amended motion for enforcement of settlement, for sanctions, and for involuntary dismissal. Grimsley then filed his notice of appeal.
Settlement agreements are governed by the same legal principles applied to other contracts. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); De Cespedes v. Bolanos, 711 So.2d 216 (Fla. 3d DCA 1998); Florida Educ. Ass'n, Inc. v. Atkinson, 481 F.2d 662 (5th Cir.1973). In contract interpretation there is a basic rule, which is that "the intention of the parties to a contract will be ascertained from a consideration of the whole agreement." Dorson v. Dorson, 393 So.2d 632, 633 (Fla. 4th DCA 1981)(quoting Torcise v. Perez, 319 So.2d 41, 42 (Fla. 3d DCA 1975)).
Grimsley clearly did not intend to be bound by the settlement agreement. The notice of acceptance served to settle count I and count II of the complaint; however, there was no agreement to the releases as put forth by Inverrary. The universal purpose of a contract is for parties to agree, "[t]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing." Robbie, 469 So.2d at 1385 (citation omitted). In the instant case, Grimsley did not say that he accepted the general releases as set forth by Inverrary. As previously stated, Grimsley said that he settled this cause as to counts I and II only. An agreement "must be sufficiently specific and mutually agreeable as to every essential element." Williams v. Ingram, 605 So.2d 890, 893 (Fla. 1st DCA 1992) (citations omitted).
We, therefore, conclude that there was no agreement between the parties. The record does not demonstrate a meeting of the minds as to the parties. The trial court order enforcing settlement must be reversed.
As to counts IV, V, and VI, this court will affirm the trial court's order of dismissal.
WARNER, C.J. and SHAHOOD, J., concur.