878 So.2d 455 (2004)
DELPA, INC., Appellant,
v.
Cecilia MARTINEZ, Appellee.
No. 3D04-113.
District Court of Appeal of Florida, Third District.
July 21, 2004.
Murray, Marin & Herman and Carolyn A. Pickard, Coral Gables, for appellant.
Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger and Marc E. Schwartz, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and WELLS, JJ.
PER CURIAM.
Affirmed. See Earnest & Stewart, Inc. v. Codina, 732 So.2d 364, 366 (Fla. 3d DCA 1999)("Properly viewed, ... the dismissal and releases referred to in the offer were not `conditions' of the settlement, but rather mechanical and legally inconsequential means of effecting it. They thus should be regarded as mere surplusage, the existence of which should not affect substantial rights."); Waddell v. Donelly, 138 Fla. 570, 189 So. 650 (1939); 2 Fla. Jur.2d Agency § 113 (1998)("A third person cannot receive the benefits of a transaction through an agent and then refute the agent's right to act.").
SCHWARTZ, C.J., and GERSTEN, J., concur.
*456 WELLS, J., (dissenting).
I respectfully dissent. The parties agreed to settle this action with Delpa paying $12,000 to Martinez in exchange for Martinez's executed general release (a release drafted by Delpa). Martinez's brief confirms that provision of the release by Martinez was an "essential" term. Martinez's position, and that apparently adopted by the trial court, is that while the release was essential, who signed the release was not. I cannot agree.
As we know, Martinez has been "missing" since the lawyers hammered out this agreement; she has never executed or provided the agreed upon "essential" release; and she did not execute a power of attorney which would have allowed someone else to sign the release and end the case. At oral argument, counsel for Martinez begrudgingly conceded that the court below had no power to appoint (as it did) an attorney-in-fact to execute documents, including a release, or to otherwise act on Martinez's behalf.[1] Nonetheless, with no release to exchange, the trial court concluded that it could effectuate the parties' agreement, order disbursement and enter judgment.
"Settlements, of course, are governed by the rules for interpretation of contracts." Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985). The courts of this state neither write nor re-write contracts on behalf of the litigants who come before them. See, e.g., Voelker v. Combined Ins. Co. of Am., 73 So.2d 403, 408 (Fla.1954)("Courts are not authorized to write a new contract for the parties on the pretext of construing the terms thereof when the wording employed is plain, crystal clear and unambiguous."); Hamilton Constr. Co. v. Bd. of Pub. Instruction of Dade County, 65 So.2d 729, 731 (Fla.1953) (concluding that to give an agreement a meaning other than that expressed in it "would be to do violence to the most fundamental principle of contracts"). As part of the "deal" between the parties, Delpa was to secure a valid and enforceable general release executed by Martinez. There is certainly nothing ambiguous about the terms of this agreement and, since no one can execute the mandated "essential" release on Martinez's behalf, payment cannot be forced.
In light of Martinez's concession that Martinez's agreement to provide a release was an essential term of the parties' agreement, I cannot agree with the majority's suggestion that a release is mere surplusage. And while I agree with the general proposition stated in Earnest & Stewart, Inc. v. Codina, 732 So.2d 364, 366 (Fla. 3d DCA 1999), that a general release requirement is surplusage to a statutory offer of settlement which does not render that offer unenforceable, I do not agree that a general release is surplusage to every settlement agreement. To the contrary, neither a dismissal with prejudice nor a final judgment entitles a party to a general release. While the doctrine of res judicata provides protection from re-litigation of the same claims, it will not, as will a general release, protect the parties from subsequent claims, whether anticipated or unforeseen. A general release can, therefore, have value separate and apart from that naturally occurring in a dismissal or judgment upon settlement. See Codina, 732 So.2d 364, 367 (Fla. 3d DCA 1999) *457 (Cope, J., specially concurring); see also Cheverie v. Geisser, 783 So.2d 1115, 1119 (Fla. 4th DCA 2001) (holding that where "the parties fail to reach an agreement as to the character, nature, or type of release to be used, an essential element of the agreement is not established"); Grimsley v. Inverrary Resort Hotel, Ltd., 748 So.2d 299, 301 (Fla. 4th DCA 1999) (finding no enforceable settlement agreement where the plaintiff refused to sign a general release demanded by the defendant because the parties were not in agreement as to every essential element); Bateski v. Ransom, 658 So.2d 630, 632 (Fla. 2d DCA 1995) (confirming that because the parties never agreed on the character, nature, or type of release to be used, no settlement agreement existed).
The parties in this case expressly agreed that Delpa would pay $12,000 in exchange for a general release from Martinez and for a stipulation for dismissal with prejudice. Under the circumstances, the trial court was not free to dispense with this clear and unambiguous requirement and to order payment and enter judgment without it.
I would therefore reverse the judgment in Martinez's favor.[2]
NOTES
[1] In a fall-back argument, Martinez's counsel suggested that the court could appoint a guardian ad litem for this mentally competent adult under section 731.303(4), Florida Statutes (2003). However, section 731.303 governs representation "in judicial proceedings involving estates of decedents or trusts," neither of which is implicated here. Moreover, as counsel conceded, he had never complied with those procedural safeguards that are also part of section 731.303.
[2] I see no reason why the trial court could not approve the settlement and dismiss the action. This would leave the parties to effectuate the settlement with an exchange of funds upon receipt of the release when and if Martinez reappears. This would place the onus on the missing Martinez to enforce the settlement by providing the release. Alternatively, this action should have been dismissed under Rule 1.420(e).