WARNER, J.
We affirm the trial court’s denial of a motion to enforce a settlement agree *1090 ment in a mortgage foreclosure action. The trial court found that the parties had not agreed on a material term of the contract; therefore, the terms announced were not specific enough to constitute an enforceable contract. “Preliminary negotiations or tentative and incomplete agreements will not establish a sufficient meeting of the minds to create an enforceable settlement agreement.” Williams v. Ingram, 605 So.2d 890, 893 (Fla. 1st DCA 1992). To be judicially enforceable, a settlement “must be sufficiently specific and mutually agreeable as to every essential element.” Grimsley v. Inverrary Resort Hotel, Ltd., 748 So.2d 299, 301 (Fla. 4th DCA 1999) (quoting Williams, 605 So.2d at 893); see also Cheverie v. Geisser, 783 So.2d 1115, 1118 (Fla. 4th DCA 2001).
In this case, the parties had not agreed on the payment of a broker’s commission on the sale to a third party which underlay the settlement agreement. While the amount and to whom a commission is due may not be a material term of all contracts, in this case we agree with the trial court that the term was material and precluded a meeting of the minds on the settlement. This view is solidified by the very language that the appellee’s attorney used in announcing a settlement, namely that the parties would either reach a settlement or, if they didn’t resolve their disputes, then they would reset the hearings on other pending issues. This also suggests that no full meeting of the minds had occurred.
At the time that the parties announced the proposed settlement, appellants had pending motions to rehear an order denying the cancellation of the foreclosure sale and also raising objections to the sale. Although appellee’s attorney noted at the hearing that if the settlement fell through the motions could be reset, there appears in the record an order denying both the motion for rehearing and the objections to sale, which order was entered prior to the motion to enforce the settlement. According to appellee’s attorney’s statements at the hearing on the motion to enforce the settlement, the order denying the motion for rehearing and objections to sale was entered without objection from appellants. Appellants did not request the trial court to reinstate the motions, should the motion to enforce the settlement be denied. Appellants have not appealed the order denying the motions, which would be a separate appealable post-judgment order. See Notre Dame D’Haiti LLC v. Bayview Loan Servicing, LLC, 16 So.3d 987 (Fla. 3d DCA 2009). Under these circumstances, we conclude that the requested relief is not available to appellants.

Affirmed.

LEVINE, J., and TUTER, JACK, Associate Judge, concur.